UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PBR SALES, LLC,

                        Plaintiff,

v.                                               **ORDER**

LIBERTY PETROLEUM TRADING         18-cv-11639 (PMH)
INTERNATIONAL, LLC,

                        Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        Plaintiff PBR Sales, LLC ("Plainitff") commenced this action on December 13, 2018 against defendant and counterclaimant Liberty Petroleum Trading International, LLC ("Defendant") to recover damages for Defendant's breach of contract. (Doc. 1). On January 29, 2019, Defendant asserted counterclaims against Plaintiff seeking damages for Plaintiff's breach of contract and negligent representation. Doc. 12. On November 20, 2019, the Court dismissed Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Doc. 31. On December 19, 2019, the Clerk entered a Certificate of Default against Plaintiff. Doc. 38. On February 26, 2020, Judge Briccetti, granted Defendant's motion for default judgment as to liability and referred the matter to Magistrate Judge Davison for an inquest on damages. Docs. 50, 51. On March 17, 2020, this case was reassigned to me. On June 22, 2020, Judge Davison issued a report and recommendation (the "Report") recommending that the Court enter judgment against Plaintiff in the amount of $3,583,307.69. Doc. 55. For the reasons set forth below, the Court accepts Judge Davison's Report in its entirety.

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within 14 days after

1

being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. " Fed. R. Civ. P. 72(b)(2) *see also* Report at 14 ("Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days pursuant to Fed. R. Civ. P. 6(d), from the date hereof to file written objections to this Report and Recommendation."). "When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Adee Motor Cars, LLC v. Amato,* 388 F.Supp.2d 250, 253 (S.D.N.Y.2005)); *see also Mannix v. Phillips*, 619 F.3d 187, 192 (2d Cir. 2010) (noting that District Court applied "clear error" review because no objections to the report and recommendation were filed).

After a careful review of Judge Davison's Report, and the evidence and documents referred to therein, the Court finds no clear error in the Report. The Court therefore accepts the Report in its entirety, adopts the reasons stated therein, and awards Defendant damages against Plaintiff in the amount of $3,583,307.69.

The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff in the amount of $3,583,307.69. The Clerk is also directed to terminate this action.

**SO ORDERED:**

Dated: New York, New York
      July 29, 2020

_____
Philip M. Halpern
United States District Judge